Shaw C. J.
delivered the opinion of the Cr _-t. The defendant having been convicted by the verdict of a jury, on an indictment against him as a common barrator, takes several exceptions to the sufficiency of the bill of particulars, and also to the indictment.
As the offence of being a common barrator, consists in being a common mover, exciter or maintainer of suits and quarrels, either in courts of justice, or in the country, and as such character can be proved only by showing a number of distinct acts of misconduct, which need not be set forth or specified in the indictment, it is a highly reasonable rule, that the prosecutor must, before the trial, give the defendant a note of the particular acts of barratry, which he intends to prove against him, and that if he omit so to do, the court will not suffer him to proceed in the trial of the indictment. 1 Russell on Crimes, 181.
This was done in the present case, and the objections are to the precision and sufficiency of the note or bill of particulars. These objections are placed upon two grounds ; one, that they do not sufficiently specify the acts intended to be proved, to enable him to prepare for his defence ; the other, that an acquittal or conviction would afford him no bar against another indictment, founded upon the same alleged acts of barratry.
In regard to the first, it is to be considered that the bill of particulars affects the proof and the mode of trial only, and not the indictment ; it is no part of the record,-it is not open to demurrer. It is not a matter of technical nicety ; and it is to give notice and guard against surprise on the trial, under the regulation of the court. The single question then is, did the bill of particulars, so identify and indicate the several legal proceedings which were intended to be given in evidence as acts of barratry, that the defendant, by pursuing the notice, could readily find the records of the several proceedings. It is to be considered that they all related to proceedings, in which it was alleged that he had been concerned as an actor , he would at once know if it was so. If so, then much slighter notice would be sufficient to put him on inquiry, than might have been necessary for a stranger. As the proceedings were *443 all before magistrates of the county, they must be presumed to have been well known. If he was really misled, or surprised, by finding more than one magistrate of the same name, and of the same initials, or more than one proceeding, which would come under the designation in the bill of particulars, and not identified by stating the time, it should have been so shown, as a ground for postponing the trial, till a more sufficient specification was furnished. It is not intimated that the defendant was so misled. The objections are in the nature of formal exceptions to the bill of particulars, and as such, we think, cannot be sustained.
The other objection, that without an exact bill of particulars, the defendant might again be indicted for barratry, upon the same acts, is founded upon a mistaken view of the nature and purposes of a bill of particulars. It is no part of the record, it would not appear in the judgment, or in any respect change its character or effects. It is notice of the kind ol proof, intended to be given to establish the general charge.
But the acts need not be the same, upon which the indictment was found. As three acts would be sufficient, three or more acts may be given in evidence before the examining magistrate, three or more before the grand jury, and three or more before the jury of trial, and all might be different or the same.
They would equally establish the charge, and the jury would be bound to convict, whether they were the same on which the indictment was found, or not. If therefore an acquittal or conviction would be a bar to another indictment for barratry, grounded on acts of barratry committed before the finding of the indictment, it would be so, without regard to the particular acts given in evidence in support of the former indictment.
2. The second exception we think is not well founded in fact. It does not appear, that evidence was received of complaints not specified in the notice.
The notice stated, that evidence would be given concerning complaints, in behalf of the commonwealth, before M. Gill, &c. It did not, as the exceptions suppose, state them to be complaints made before these magistrates, except in that before Jennison, which was so made. The term “ complaints ” is a technical one, descriptive of proceedings before magistrates. *444 A complaint may be made before one magistiate, and the warrant thereon returned to another for a hearing. Still in the latter case, the hearing and proceedings would be rightly designated as complaints in behalf of the Commonwealth vs. A. B. before C. D. Esq. It applies as well to a complaint, heard, considered, or tried, as a complaint made before a par ticular magistrate.
3. Another exception is, that the judge did not charge-the jury, that the order of the magistrate, in one case, requiring the party complained against to recognise for his appearance, was conclusive evidence of probable cause for the complaint. We think the charge was strictly correct. The only case that gives any countenance to the exception, is that of Whitney v. Peckham, 15 Mass. R. 243. But the cases are not analogous. That was a civil action ; it was case for a malicious prosecution. The magistrate had jurisdiction to hear and decide judicially, and in the exercise of that jurisdiction, had decided and found the plaintiff guilty and passed sentence upon him, which was reversed on appeal. The Court decided expressly on the ground, that the judgment of a tribunal, made' competent by law to decide upon the question of guilty or not guilty, finding the party guilty must be deemed conclusive evidence of probable cause. But in the present case the magistrate had no such jurisdiction; he acted ministerially. There the party convicted was seeking damages, and had the burden of proof, to show that there was no reasonable or probable cause ; here the purpose of the commonwealth was to show, that the motives of the defendant, in his agency in that prosecution, were vexatious and malicious, and designed to disturb the public peace, instead of promoting public justice. To hold that the order of the magistrate in that prosecution, which may have been occasioned by the false representations and malicious and artful contrivances of the defendant himself, was conclusive of his innocence and purity in the matter, could be justified upon no principle or authority. As evidence that that particular complaint was not groundless, to be weighed with all the evidence tending to throw light upon the character of the defendant’s agency in that prosecution, it was received ; to any weight beyond that, we think it was not entitled.
*445 4. In addition to the other exceptions a motion is made in arrest of judgment, on the ground that this general mode of charging a party as a common barrator in an indictment, is insufficient.
That this is the general mode of charging common barratry, both in England and in this commonwealth, is settled by all the authorities.
In The Case of Barretry, 8 Co. 74, the indictment was “ a comman barretor and sower of discords, among neighbours, and a disturber of the king’s peace.” Exception, that it did not show in particular, in what he was a common barretor. Held, it need not. Bac. Abr. Barratry, B ; 1 Russell on Crimes, 281. Mr. Justice Buller, speaking of this subject in another case, says; “ as to the case of barratry, it has always been stated as an exception to the general rule ; I have not been able to discover how that exception was at first established ; but it is of ancient date.” J’Anson v. Stuart, 1 T. R. 754. The same form appears to have been used in this commonwealth ever since the adoption of the constitution. 6 Dane’s Abr. 737, c. 202, art. 3.
But the argument in the present case, is founded principally on the Bill of Rights, and it is contended . that although the general form of indictment was good at common law, it has been changed by the Bill of Rights, Art. 12. It provides, “ that no subject shall be held to answer for any crime or offence, until the same is fully and plainly, substantially and formally described to him.”
We are all of opinion, that this provision of the Declaration of Rights, does in no respect, change the rules of the common law,' and such has been the construction put upon it from the adoption of the constitution to the present time.
The words, “ common barrator,” are necessary in the indictment, and these are a term of art, appropriated by the law to this purpose. Bac. Abr. ubi supra.
The use of those terms, then, expresses an offence clearly defined and well understood, both as to the crime charged, the necessary proofs, and the mode of trial. It does then charge the offence fully and plainly, in form and in substance, conformably to the constitution. The great object of the consti *446 tution was to secure to every subject, the benefit of knowing before his trial, the nature and particulars of the offence charged, not to direct any form of proceeding ; and if this is effectually done, it is immaterial how brief the form or how concise the language in which it is done. This is one, among many cases, as that of “ murder,” where to a particular term of art, the law has annexed a clear and well defined meaning ; where therefore the word is employed in a statute or in legal proceedings, resort is to be had to the common law to ascertain the particulars expressed by it.[1]
The motion in arrest of judgment, as well as that for a new trial, is overruled.

 See Commonwealth v. Pray, 13 Pick. 359 ; Lambert v. People 9 Cowen, 587, State v. Chilly, 1 Bailey, 379.